Lionel T. Barneson Trust, The Bank of California, National Association, Trustee v. Commissioner. J. Leslie Barneson Trust, The Bank of California, National Association, Trustee v. Commissioner. Harold J. Barneson Trust, The Bank of California, National Association, Trustee v. Commissioner.
Barneson Trust v. Commissioner
Docket Nos. 111121, 111122, 111123.
United States Tax Court
1944 Tax Ct. Memo LEXIS 99; 3 T.C.M. (CCH) 1029; T.C.M. (RIA) 45129; October 2, 1944
*99 W. L. Nossaman, Esq., for the petitioners. Harold C. Thomas, Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: Petitioners in these consolidated cases are three irrevocable trusts. They have petitioned this Court for a redetermination of deficiencies determined against them by the Commissioner of Internal Revenue for 1938, each in the amount of $1,326.74. The facts are all stipulated, and we adopt them as our findings of fact herein. They will be set forth only in so far as necessary for an understanding of the case. [The Facts] Petitioner trusts were created by an indenture dated November 29, 1924, in which John Leslie Barneson, Lionel T. Barneson and Harold J. Barneson are designated as Trustors, and The Bank of California, National Association, having its principal place of business in San Francisco, California, is designated as sole trustee. The Bank of California has at all times since creation of the trusts been acting as trustee. The Federal income tax return for the calendar year 1938 was duly filed by each petitioner on Form 1041 with the collector of internal revenue for the first district of California. With the exception of the addition in 1938 *100 of shares of Sperry Corporation Voting Trust the corpus of each of the petitioner trusts consisted at all times from the creation of the trust to December 28, 1938, of 1,295 shares of capital stock of Oakburn Company, a California corporation, which, during all of that time, had outstanding 7,770 shares of capital stock, all of the same class, of a par value of $100 each. Oakburn Company was completely liquidated on December 28, 1938, in a manner conforming to section 112 (b) (7) of the Revenue Act of 1938, pursuant to a plan of complete liquidation adopted the preceding day. Each of the petitioner trusts was a "qualified electing shareholder other than a corporation" within the meaning of that section. Upon liquidation of the Oakburn Company each of the petitioner trusts was entitled to receive and did receive 1295/7770ths of the assets of that company, subject to its liabilities. Prior to the adoption of the plan of complete liquidation, Oakburn Company had distributed during the calendar year 1938 ordinary dividends in cash which aggregated for each 1,295 shares of its capital stock, the sum of $11,655. Included in that amount was an ordinary dividend of $1,295 ( $1 per share) *101 paid on December 5, 1938. The Federal income tax return, Form 1041, of the Lionel T. Barneson Trust, for the calendar year 1938, disclosed dividends received in the amount of $13,875 and a net long-term capital gain from sale or exchange of capital assets of $341.57 - a total income of $14,216.57. It also disclosed total deductions of $172.20; the sum of $11,702.80 distributable to beneficiaries; net taxable income of $2,341.57; and taxes assessed in the amount of $89.66. Identical items and amounts were reported on the return for each of the other two petitioner trusts except for immaterial differences of one cent in some of the items. The apparent discrepancy between dividends received and the amount distributable to beneficiaries of each trust return is due to the fact that on June 22, 1938, each petitioner received from Oakburn Company a dividend paid in 100 shares of Sperry Corporation Voting Trust Common, having a cash value of $20 per share, or a total of $2,000. This was deemed taxable to the trustee and was so reported. At the time the returns for 1938 were filed, each petitioner assumed that Oakburn Company had no accumulated earnings and profits and that, therefore, *102 no portion of the gain on liquidation of Oakburn Company, which on each return was stated to be $90,526.23, was taxable under section 112 (b)(7)(E)(i) of the Revenue Act of 1938. Each of the petitioner trusts had, however, received, in distribution, cash in the amount of $606.89, and securities acquired by Oakburn Company after April 9, 1938, of a value of $76.25, and 50 per cent of those amounts, or $341.57, was reported as net long-term gain. Respondent, in asserting the deficiencies herein, determined that Oakburn Company had earnings and profits accumulated after February 28, 1913, determined as of December 31, 1938, but without diminution by reason of distributions made during the month of December 1938, in the amount of $83,400.85; and that each petitioner's ratable share thereof was $13,900.14. Thus, in arriving at the amount of $83,400.85, no reduction was made by reason of the dividend of $1 per share (total $7,770) paid on December 5, 1938. During the calendar year 1938 each of the petitioner trusts received nine dividends of $1 a share, totalling $11,655, paid in cash by Oakburn Company with respect to the 1,295 shares held by it. All of these dividends were, under the *103 terms of the trust instrument, currently distributable by Trustee of each trust to the beneficiary thereof and were in fact so distributed Lionel T. Barneson, J. Leslie Barneson, and Harold J. Barneson, each as beneficiary of the respective trust bearing his name, reported on his individual Federal income tax return for 1938 the amount shown as distributable to beneficiaries on the return of the respective trust, and paid tax thereon. For the purposes of this case, "and for those purposes only," petitioners concede and respondent agrees that the adjusted cost basis of the 1,295 shares of the Oakburn stock held in each of the petitioner trusts and the fair market value of the assets distributed with respect to those shares were such that the gain of each petitioner which would have been recognized except for the provisions of section 112 (b) (7) of the 1938 Revenue Act, was greatly in excess of $13,900.14. In the notice of deficiency to each petitioner the Commissioner disallowed as a deduction the amount of $172.21 claimed on the return for postage, insurance and trustee compensation. The parties now agree that such items in the amount of $172.21 are deductible in determining taxable *104 net income of each of the petitioner trusts. In addition to the stipulation of facts, which we have noted, the parties in each case have also agreed that if this Court shall find the facts to be as stipulated, we "may then hold that respondent has correctly determined the taxable income arising from dividends received from the Oakburn Company and from distributions received in liquidation of said company; and may further hold that petitioner is entitled to a deduction in the amount of $172.21 for postage, insurance and trustee's compensation * * *; and, further, that there is a deficiency in Federal income tax due from petitioner for the taxable year 1938 in the amount of $1,304.36, and that the Court may enter its decision accordingly"; and, further, "that, effective upon the entry of the Court's decision, petitioner waives the restrictions, if any, contained in the applicable internal revenue act or acts, on the assessment and collection of said deficiency, plus interest as provided by law." Endeavoring to explain the conditional nature of this second stipulation, counsel for petitioners stated at the hearing. "At the time the returns were filed by these various trusts it was assumed *105 by them there was no taxable gain arising upon the liquidation of the Oakburn Company but the Commissioner determined there was a taxable gain and made assessments accordingly and we are agreeable to that assessment but would like to have the benefit of res judicata upon that issue insofar as increasing the petitioner's cost basis in each case is concerned and that is the sole reason for asking for this stipulation in this conditional form." Accordingly, decisions will be entered that there is a deficiency in income tax in each case in the amount of $1,304.36.